LUCINDA HARDY *v.* MASONIC BENEFIT ASSOCIATION.

[60 South. 48]

1. TRIAL. *Conflicting evidence. Question for jury. Insurance. Actions. Evidence. Peremptory instructions.*

There is no conflict in the evidence in a legal sense where the only witness who disputed some of the established facts was so thoroughly discredited and his testimony so manifestly absurd and unbelievable as to be unworthy of belief.

2. INSURANCE. *Actions. Evidence. Peremptory instruction.*

Where in a suit against a fraternal benefit association on a policy, the entire transaction from its very inception was a palpable fraud, so obviously demonstrated by the incontrovertible facts that no different result could have been reached by a reasonably intelligent jury, the court should give a peremptory instruction for the defendant.

APPEAL from the circuit court of Madison county.
HON. W. A. HENRY, Judge.

Suit by Lucinda Hardy against the Masonic Benefit Association. From a judgment rendered on a peremptory instruction for defendant, the plaintiff appeals.

The defense was that the plaintiff's husband was never a member of the order, and never had a policy in the order, but that the application which was exhibited was a forgery, and the claim an attempt to defraud. It is shown in the evidence that two of the three persons who signed decedent's application denied having done so, and the third person did not testify. It is shown, also, that

a negro doctor named Miller, who is plaintiff's sole reliance, would have been benefited by a recovery, as he was named in the certificate attached to the policy as executor without bond, and that he claims to have been the man who took decedent into the order and insured him. The examining physician, whose name appears on the benefit certificate, denies having examined deceased. The application gives deceased's age at forty-nine, while it is shown by the evidence that he was about eighty at the time the alleged application was made. It is claimed that deceased was a member of a lodge at Lottville, twelve miles from Canton, where deceased lived, and where there was also a lodge, and where plaintiff lived. No member of the lodge at Lottville ever saw deceased at a lodge meeting, and it is not shown that deceased ever claimed to be a member of the order, or to carry an insurance policy; and his wife did not know anything about it until this benefit certificate was produced by witness Miller.

*E. B. Harrell*, for appellant.

*E. A. Howell* and *Geo. B. Power*, for appellee.

COOK, J., delivered the opinion of the court.

After the evidence, both for plaintiff and defendant, was concluded, the court, at the request of defendant, instructed the jury to find for the defendant. It is claimed here that there was a conflict in the evidence which should have been left to the jury.

We do not think there was any conflict in the evidence, in a legal sense. There was a witness who disputed some of the established facts; but the witness is so thoroughly discredited, and his testimony is so manifestly absurd and unbelievable, that the most innocently credulous person could not be duped thereby.

There are cases and this record makes one of that class, where a trial judge would be derelict in his duty should

he fail to speedily end all controversy by directing the jury as was done by the court trying this case. The entire transaction, from its very inception, was a palpable fraud, so obviously demonstrated by the incontrovertible facts that no different result could have been reached by a reasonably intelligent jury. The action of the trial court is indorsed and commended.

*Affirmed.*